Good afternoon now. This is Rosa v. Attorney General. Now I will say good afternoon, your honors. May it please the court, my name is Derek DeCosmo and I represent the petitioner Willie Rosa in this matter. Your honor, we had requested a split time between the amicus filer in this case who is represented by Mr. Eric Mark and I would just respectfully ask for the next time be reserved for rebuttal in this matter. Your honor, we're here on Mr. Rosa's petition, your honors, we're here on Mr. Rosa's petition for review of a decision from the Board of Immigration Appeals in which the Board of Immigration Appeals overturned an immigration judge's ruling on whether or not a violation of the immigration judge ruled that it was not an aggravated felony and the Board of Immigration Appeals determined that it was. A point of fact for the court, Mr. Rosa has two convictions under NJSA 35-7 as the record bears out. One that uses the language of deliver, dispense, or possess with intent to distribute. The other one says sale of a CDS to a cocaine within a school zone. In this case, your honors, what is important or what the issue with that we believe is most important in this matter is whether or not the Department of Homeland Security, as representing the United States government, can select any federal analog when utilizing a generic offense to determine whether a state conviction meets the definition of an aggravated felony for immigration purposes. This is a drug offense? This is a drug offense, your honors. What was the drug involved? I'm sorry? What was the drug involved? The drug is cocaine, your honor. Under Evanston, why can't they do that? I'm sorry? Why can't they? As long as under the CSA, why can't they do that? Well, your honor, we believe that when we look at this court's lineage of cases in terms of Wilson, Theatros, and Gurbier, that the court would require that the government utilize the most similar analogous statute. But what about Everson? I'm sorry? What about Everson or Everson? Where a felony under state law includes an illicit trafficking element that would be punishable as a felony under the Federal Controlled Substances Act, that's enough. You don't have to try to get an exact match of the federal to the state. Well, your honor, I think that certainly the statutory language says any under the Controlled Substances Act, but Petitioner Rosas submits on his behalf that it is most appropriate to use the most similar statute when we have a statute that is a mirror. Part of the argument that the government has made in this case is that since Chang-Cruz, the unpublished decision of this circuit, precluded them, in their opinion, from comparing New Jersey 35-7 to 21 U.S.C. 860, that they're free now to utilize 840. Part of the argument that they raise in their brief is that this is necessary to Isn't the categorical approach designed to produce absurd results in the first place? I think that there are many a judge who would agree with your honor on that. I think that Supreme Court Justice Kagan takes the opposite view, that it actually simplifies things and prevents or makes it more appropriate within the immigration context and in other contexts that we're not relitigating and hashing into the entire record of proceedings, especially when they're criminal-related, when we're standing before an immigration judge. What's the correct statute to compare this with? It's 21 U.S.C. 860, which is the federal possession with intent in a school's own statute, which, by the way, New Jersey Statute 35-7 is modeled after that specific statute. And what happens when you compare? I'm sorry? What happens when you make the comparison? What happens when you make the comparison is that the New Jersey statute utilizes as alternative means distribution and dispense, and the federal statute does not punish dispense under 860. And the New Jersey statute talks about distribution within 1,000 feet of a school? It's distribute... And or a bus? Is that right? Yes. Yeah. Okay. Yeah. But at the first part of the statute, it's distribute, dispense, or possess with intent to distribute. The federal comparative of 860 doesn't utilize dispense, and the Chang-Cruz Court, again, albeit in an unpublished decision, put forth that these were an alternative means, and therefore, the New Jersey statute's least culpable conduct of dispensation doesn't match the federal statute, and then categorically, it doesn't match, and therefore, conviction under NJSA 35-7 is not a categorical match to 21 U.S.C. 860. Then where does that take you? It takes Mr. Rosa to preservation of his permanent residency. From the government's perspective, it's let's take a step back and see what other statute we can use to charge somebody as removable from the United States. But that is also a dangerous proposition from the petitioner's perspective as well, because then we're in a position where the government gets to survey, not just in a drug case, but could do it in a theft case, or a fraud case, or a statute that looks like computer fraud is now going to be a theft aggravated felony for immigration purposes, and there is some danger in that. We believe that when we look at Wilson in this court, which says let's look at the most exact language, again, more indicted, and I wouldn't say the true holding of the case, and Gurbier, it is most appropriate to go to the most synonymous federal analog, so that individuals in prior proceedings, whether in their initial criminal prosecutions, can make these immigration evaluations with some level of clarity, and certainly that is a desire of the court, as we have seen from cases like John Lee v. the United States Supreme Court decision. So the Third Circuit has decided that, in precedential cases, that 860 is the closest analog to your New Jersey schoolhouse, schoolyard statute, right? No. Unpublished, is John Cruz, is the unpublished case. So there's no presidential case? There's no precedential that says the government is limited in this regard, if I may answer, Your Honor. Are there other Third Circuit cases that say it is the closest analog that you choose? That 860 is the closest analog to the third? In any statute. In any statute, well, certainly, I mean, this court in Gurbier v. Holmes was presented with multiple statutes and chose a different one as the most analogous. Aren't we, as a circuit, then bound by that rule? Yeah, I believe so. I think the government presented a case where they wanted to deport an individual on two grounds, and this circuit said, no, this is a possession case, and it's analogous, most analogous to this one, and in that case, found there was no aggravated felony for immigration purposes, when the government, in that case, was attempting to do almost the same thing. I see that my time is right up. If I may defer to Mr. Mark. Good afternoon, Your Honor. My name is Eric Mark, and I'm here on behalf of AMICUS, the American Immigration Lawyers Association, New Jersey chapter. Could you take us through the various steps of how you get to the bottom line decision that would benefit your client? In other words, you're comparing New Jersey with the federal statute, is there? Judge, yes, our position is that comparing the New Jersey school zone statute to C-35-7 to the federal school zone statute, which is Section 860, is the appropriate analysis. And that is because there is the New Jersey regular distribution statute, 35-5, is a mirror copy of the federal distribution statute in 841. Why is 35-7 more appropriate? Because 35-7 is not a mirror copy of the federal school zone statute, but it is the same structure, and it's just even broader. It extends the types of school property that are involved. It extends the type of distance from school property that's acceptable to violate it. So it's a very similar statute. It's apparent, if you look at the actual statutes, the plain distribution statutes are sectioned by substance and amount. It goes paragraph by paragraph. If you have cocaine in this amount, it's a violation of this offense. If you have heroin in this amount, it's a violation. The school zone statutes do not do that. In fact, in the New Jersey school zone statute, there's only one substance mentioned in one amount at all, and that is marijuana in less than one ounce, which reduces the penalty. It is, in fact, possible to violate, to enter a plea of guilty on the New Jersey school zone statute without ever specifying the nature of the substance or the amount of the substance. All you have to admit is that you possess a controlled dangerous substance with the intent to dispense, distribute, or that substance, and you would be in violation and satisfaction of all of the elements of 35-7. That is not the case for 35-5. What should we do with Everson then, the language I mentioned to your colleague from State drug convictions constitute, I'm not quoting right now, state drug convictions constitute aggregated felonies if the conviction is non-courting, a felony under state law and includes an illicit trafficking element, or, quoting again, it would be punishable as a felony under the Federal Controlled Substances Act. It's from 588 of the opinion. Judge, the New Jersey school zone statute does not include an element of trafficking. But the worry is it would be punishable as a felony under the Federal Controlled Substances Act. Right. So if it's compared to that, we come down to the question of which statute are we comparing it to? If we compare it to, if we compare it to the school zone, it's not an aggravated felony because you have the dispensing a small amount of marijuana for no remuneration escape clause that applies. If you compare it to the, in the way that the government presents this 840, then it is a felony. But here's the reason, Judge, that the problem with the government's approach is twofold. One, the basis is that applying the categorical approach would create an absurd result. Admittedly, it would be a weird outcome that occurs when applying school zone to school zone, but. Picking analogous statutes, we shouldn't be necessarily looking upon their effect upon deport, deportability. I'm sorry, I don't, I didn't understand the question. In finding the most analogous statute, should our prime purpose be directed at the effect on deportability? No, it should not. It should be to find the most analogous statute and see if it fits. It shouldn't be for a purpose of finding a way to deport the person. And again, there's two problems. One, it's not the court's responsibility to fix what is, quote unquote, an absurd result. The government cites the Griffin v. Oceanic for that premise that the court should avoid such interpretations. But in that same case, the court says that laws enacted with good intention when put to the test frequently and to the surprise of the lawmaker himself turn out to be mischievous, absurd, or otherwise objectionable. But in such case, the remedy lies with the lawmaking authority and not the courts. That's the case here. What do you do with the Supreme Court, perhaps, in finding another approach rather than the categorical approach to look at prior? Certainly, and that's what the concurrence in Rosa says as well, is that he's concurring with the outcome, but that the government's approach here in the courts of expanding the categorical approach to let the government pick and choose what they want is going to lead to chaos. And I have to agree with that. It's going to open the door if we say the government could choose any statute, not just the most similar, to taking fraud statutes and comparing them to theft offenses, taking assaults and comparing them to different assaults. I can think of certainly something like New Jersey's computer theft crime, which is actually a fraud statute, but the elements may very well overlap with a theft offense under federal law. It would make it impossible for defense counsel to advise defendants as to what the effect of their pleas would be or the outcomes of trial would be. What is the most analogous offense that Rosa would commit when you compare both provisions, 860 and 2035-7? The most analogous, judges, is without question 860. And the government has conceded that in the past. And this court in Chancruz, albeit unpublished, has accepted that premise. And only after... Did they concede it in Chancruz? They did. The government conceded it in Chancruz. The government conceded that was the most similar, analogous statute. I see my time is up. They've finished. As you can see, we're not going bananas when the red light comes on. So the government did concede it in Chancruz that 860 is the most analogous. And only subsequent to that are they now coming back and saying, well, we also have the ability to pick and choose other statutes and we're going to compare this. What's the ultimate offense that we can say, then, making the necessary comparisons that Mr. Rosa can be found guilty of? The necessary comparison is, and if we're looking at a strict categorical, is that the basic elements of the school zone offenses, as I described before, there's no need to specify the substance or the amount. So it is not even analogous, in my opinion. In the what? Distributing within a thousand feet of a school or school bus? Right. So in the New Jersey school zone statute, it applies to a school bus and within a thousand feet. And what level? That's not an aggravated felony, is it? Well, the federal schools are below, what, 30 ounces? Well, there's a few things. One, there's an actual location because the federal statute does not include school buses. It is only up to 100 feet, not a thousand feet. So and then there's stricter requirements for what constitutes school school property. There has to be three apparatus that constitute school to become a school. A schoolyard for children, where the New Jersey statute, you could be at the end of the parking lot on the other side of the baseball field that is in between the school and your parking lot. If I was five miles away, you can be several miles from the actual school building or anything that actually represents the school and still be still be held in violation of the school zone. Plus, it could be a bus. Also a problem with dispensing? Also a problem with distribution versus dispensing? Yes. And that's where Chang-Cruz came out, was on the fact that the New Jersey statute does not distinguish as an element that dispensing and distribution are alternative means that the jury charges includes them together. And so they're not, they're not, they're alternative means as alternative elements. I think as the conduct, if we get into the conduct of whether New Jersey school zone matches the federal school zone statute, I think that this court's precedent in Chang-Cruz, albeit unpublished, and just the over breadth of Chang-Cruz in itself is a pretty clear argument. And that's why the government has turned its attention now to trying to find a different statute to compare it to. And in doing so, it might avoid in this unique circumstance a bizarre or absurd outcome, as they say. But Congress certainly has the ability to fix that by changing the categorical approach or by changing the statute or by specifically passing a section, as they could have, in the INA saying that distribution with the school zone is an aggravated felony. Certainly school zone statutes predated the INA. And when they passed the INA, they did not distinguish these offenses as aggravated felonies. So it falls into the same analysis as everything else in Congress. The school zone statute exists because legislators wanted to punish people who sold drugs near schools more severely than otherwise. So is the government trying to then persuade prosecutors not to prosecute illegal, not to prosecute aliens under 860, which I think might be a big mistake? It could be. It certainly would affect us, as I said, in your honor, it would create it would make it very difficult for lower courts to determine what the effects of criminal statute will be if the government if the government is allowed to choose any statute other than the most similar to the state offense in question. So one of the other, if I may, your honor, one of the other things the government has relied on its brief as far as Chevron deference to the BIA. I did want to address this, and I know it would be my last point at the moment, is that Chevron deference should not apply here at all, despite it being a published opinion. And this court has issued precedential decisions, including Gerbier and Singh, where it says in categorical analysis and assessing state crime offenses, the BIA does not do any deference. That is not their area of expertise. It is not something to which they have any special skill or knowledge or experience. So there's no deference here that would be appropriate. This is a strictly criminal analysis to which the BIA is not in any way expert, unlike in De Leon Cho, where they were now analyzing continuous physical presence and residence issues that are uniquely and specifically immigration. And so they would be due that deference. Here we're not in that category. So I just also think that Chevron is not applicable. The immigration judge found that Rosa committed an offense that was not a qualifier for deportability. Is that accurate? It's half accurate, your honor. OK, why don't you correct that? The immigration judge found that he had not committed an aggravated felony. He was still deportable because he still has a drug offense. So any drug offense still makes him deportable. The difference is that as a permanent resident with a drug offense, he's eligible for relief. He can apply for cancellation of removal, possibly some other forms of relief as well. Whereas if it's an aggravated felony, he is deportable with no forms of relief. And the IJ did grant him relief from deportability. Yes, I believe the IJ did grant cancellation of removal after reaching that grounds after deciding it was not an aggravated felony. Thank you. Thank you. May it please the court, Matthew George for the attorney general. This case is about whether New Jersey statute section 2C35-7 is a hypothetical federal felony. It's not about whether. This case is really about what are you going to do when 860 is declared it's decided to be not an aggravated felony, right? That's part of the issue, your honor. It's also what do we do after Mathis? Mathis has changed the ballgame in terms of doing this analysis and the case is not categorical analysis. And Chen Cruz was before Mathis. And so now after Mathis, we've got to re-evaluate how do we apply the categorical approach and how do we do this in a way that comports with Mathis and also now comports with Moncrief, where the Supreme Court has reaffirmed the approach that the board adopted here, that the generic in this context, in the drug trafficking aggravated felony context, is any drug trafficking crime under the Controlled Substances Act. But we relied upon Mathis and Chen Cruz. It's non-presidential, but that wasn't something that that panel did not have cognizance of. That's true, your honor. It's also a matter of this particular issue wasn't presented to the Chen Cruz court. And now the board, having reconsidered, it didn't have the advantage of having Mathis at the time, it decided Chen Cruz before the board. So now it's got Mathis, now it's got Chen Cruz. Now it's looking at this issue as a whole. Didn't the government concede in Chen Cruz that 860 was the correct statute to use? I'm not sure if they conceded it. That issue really wasn't before the court. I think just everyone assumed that that was the statute to look at 860. And now here's the board coming along in a precedential decision and saying there's a new analysis to apply. And looking at the INA section 1101A43B, looking at what that refers us to section 924C, the definition of drug trafficking crime. It says any, any crime under the Controlled Substances Act. And so simply applying that. Any crime under the Federal Controlled Substances Act? Yes, yes, your honor. Any drug trafficking or let me make sure I'm saying this. Are you saying it right? Any felony punishable under the Controlled Substances Act. That's how Congress defined drug trafficking, aggravated felony, because it referred to 924C and then that's what that's what 18 U.S.C. 924C2 says. And so simply applying the statutory language, we have that word any. And that means any felony under the Controlled Substances Act is the generic crime for this categorical analysis. And that's that's really all the board is saying here is we're not limited to to necessarily the most similar. It's a very broad category. It's hugely broad, yeah. In in this particular, in this particular aggravated felony, yes. And that's because that's because that's how Congress defined it. I know there's my opponent has made some reference to possible ramifications of this and say the fraud or theft context. But Congress defined those aggravated felonies differently. It didn't necessarily make this a specific statutory reference to Section 924C, where Congress again defined very broadly what a drug trafficking felony is. And so I suppose it's possible this this approach may bleed over if that's something that comes before the board and the board decides to apply it in that context. But what the board has done here is limited to the drug trafficking aggravated felony context. And all it's saying is we can look to any Controlled Substances Act felony. And if we look at the New Jersey statute here, Section 7. It's actually I believe the New Jersey courts say it's a Section 5 is a lesser included offense. I don't know in which direction it becomes lesser included, but Section 7 does require a complete violation of Section 5, which this court has said is a drug trafficking aggravated felony under 21 U.S.C. 841 A1. And so all that's really being added in New Jersey, the 2C35-7, is that proximity factor to the school facility. So do you really want to encourage prosecutors to pursue permanent residence under not under the schoolyard statute if they're selling drugs near school? Your Honor, when you say prosecutors, do you mean the state prosecutors prosecuting these felonies? Yeah, I don't know that there is any incentive one way or the other for the board. But aren't you saying, well, you'd be happier if they didn't pursue them under the New Jersey equivalent, whatever the numbers are, the end in seven. Right. It wouldn't matter to for immigration purposes because both of them are hypothetical federal felonies. For the community safety purposes, wouldn't you, shouldn't they be prosecuted under the statute that recognizes they're selling drugs near a schoolyard and that they should have a heavier, more severe penalty imposed on them? If that's what the state prosecutors believe, absolutely. State prosecutors should not look at immigration consequences in prosecuting crimes. They should do whatever their incentives are, their goals and obligations are under state laws and select the appropriate crime and secure the conviction as they see fit. It's then it then comes to whether the crime of conviction, the statute of conviction is a hypothetical federal felony. It's not whether now, say, a federal prosecutor could secure a crime or a conviction under the same type of statute. It's whether whether a federal hypothetical prosecutor could secure a hypothetical conviction under any Controlled Substances Act felony statute. And here, a hypothetical federal prosecutor could do that because all of the conduct in the New Jersey subsection seven would violate 21 USC 841 A1. If if our court should determine in a presidential opinion that 860 is the closest analogous statute, then you would be bound in the Third Circuit to recognize that and not try to pick out another analogous statute, would you not? I believe that's correct, Your Honor. However, I don't concede 860 is the most analogous. Or if 860 is the one I would say we I don't know how we get around Chang Cruz in that in that instance. And if we were to say that, would you would you agree that 2C 35-7 is broader than Section 860? Yes, Your Honor. Yes. I don't think anything in terms of the analysis has changed since Chang Cruz in terms of the whether those are elements or means. And then there's also some issues with the school property, school buses, all that all that kind of stuff is going to cause a whole bunch of problems and probably is not going to match up. However, that the government's not limited or the immigration laws don't limit us to 860. We can look at 841 in this case because it's broader and does not require that school conduct lines up exactly with 841, making 2C 35-7 a hypothetical federal felony under 841 A-1. And that's the problem. It is broader. That's that's why we're here, because it is broader. Right. And and again, nothing prevents them, prevents the the board from from doing this analysis, as the other side is pointing out, there's no prohibitions on doing this. In fact, the Supreme Court, this court, the statute, however you want to look at it, all support this analysis. Again, Congress provided for a very broad selection by using the word any by referring in the Immigration Nationality Act to Section 924 C. Well, isn't any pretty ambiguous? The word any is ambiguous in that context. Yes, if the word of the Kirby, I mean, Kirby is saying is saying. We we. Any statute is eligible, but to be analogous, we have to look at the provisions of the statute and of the two choices, the one that the that the government presents to us is merely a definition. The other one is clearly the most analogous and out of the any we will pick that one. Because it's most analogous, I'm not sure I would agree that the word any is ambiguous in this context, if it is saying you can just pick and choose anyone you want. And I'm saying you can't, but that you can look at the whole panoply, but you've got to pick one that's most analogous. Right. And that's what the board said. The board said we have to look to the statute with the most analogous conduct and looking at the conduct, particularly in this case, given that there's a missing piece of conduct, the dispense element or means or whatever it is that's present in the New Jersey statute that's not present in 860, that is present in 841. 841 is actually the statute that has the most identical conduct. But 841 misses the schoolyard element. And that is what Congress thought was most important. This is driving the statute. But that's just a proximity factor. That's not conduct. That's just taking out conduct, it's conduct which endangers children. But the both the federal and New Jersey courts have said that's merely just taking out a tape measure after the underlying statute. Because Congress felt very strongly that the danger to children from drugs was greater if they were being sold in proximity to schools. And I think we need to recognize that that purpose of Congress in enacting 860 in the first place. And if that messes up a few deportations, I think that's a minor matter in comparison to endangering children by having drug sales closer to schools. I think your honor is actually making the argument the wrong way. This is saying when the states, New Jersey here in particular, convict someone for this crime, that is in proximity to a school. We're saying now that's not an aggravated felony. This person should get to stay in the United States. Whereas if he had done it more than a thousand feet from the school, he would be removable and he'd be going back. Well, the decision on whether he should deserve to stay in the United States then goes beyond that conviction and into how he has comported himself since then. And it's not someone who has continued in drug sales who will be permitted to stay. It's someone who's turned his life around and led a different life. And isn't that a consideration that's important to make? In the cancellation context, yes, that's in the discretion of the immigration judge. Right. Right. But that's not what we're looking at here. Here we're looking at, does the state statute have an analogous Controlled Substances Act felony? Here it does, because all of the conduct under New Jersey 2C-35-7 would violate 21 U.S.C. 841-A-1 and a conviction under 841-A-1 would not require that school to be removed. So that's a proximity factor. It's not a comment about the severity of the conduct or whether this should be punished or is deserving of more punishment or whether Congress's judgment in enacting... But it's a conclusion that you're coming to simply to make the drug crime here an aggravated felony. It's an application. I think reasoning like that can lead to very poor judicial decisions. It's an application of Congress's language in the statutes. Congress didn't say look to the most analogous felonies. If 860 were an aggravated felony, you wouldn't be here today, would you? Most likely we would, Your Honor. I think we seem to litigate a lot of different things. That's very true. I think we'd just be arguing about whether it met under the categorical approach or it still satisfied it. But in terms of if it had that dispensing element, I don't know. That would take part of it. We still have the school proximity factor to analyze. I'm not sure how that would come to play out or whatever. That's what the immigration judge in this case really got tripped up on. If we find he got tripped up.  I'm sorry, Your Honor? The BIA got tripped up. Well, the board here is just saying, just applying the statute as Congress wrote it. To me, the word any is not ambiguous. It's actually very broad. And it's not limiting. No court, the other side, has not pointed to any authority to say that. I say it's not ambiguous because it's very broad. Because we want to avoid Chevron kicking in.  Therefore, it can't be ambiguous. It's ambiguous if Chevron goes. I mean, that's not our position. If it's ambiguous, then you need to defer to the board's reasonable interpretation of it here. If it's not ambiguous, then it's the dictionary definition of any, which is any usually means all. And so any or all controlled substances act felonies. But if that clarity leads, in certain cases, to absurd results, you said that that then is sufficient to create an ambiguity. So what kind of was intended? The absurdity notion is a sort of a canon of statutory interpretation, which the board was applying here, or really more in its application to this particular statute, saying, look, if we have to select what I guess the petitioner is saying is the most analogous statute, if we have to look to Section 860, it's not going to be an aggravated felony. And that means someone who does this otherwise aggravated felony conduct in proximity to a school is not going to be an aggravated felon. However, if he'd done it 1,001 feet away, and the state had convicted him under the sort of lesser included crime, which this court has said does match up exactly, then he would be an aggravated felon. And that's absurd to say that when he does this in a more sensitive area that he's now. But it's not necessarily absurd, because in order to determine whether there's cancellation of deportation, you're still going to look to see what the guy has been doing. You aren't going to grant the discretion to let him stay if his conduct, since that conviction, has been a threat to the community. But that's a step we get to after this analysis. All right. That's a whole different. In making the analysis, when you're saying it's absurd, I can look at the next step and saying it's not as absurd as you're trying to make it. But we're confusing or sort of conflating two different steps of the analysis. Well. If he's an aggravated felon, we don't get to what he's done. And maybe we should. Maybe there are aggravated people who are being classified as aggravated felons who could stay in this country, who have shown that they are rehabilitated, who have shown that they can be good citizens. And so the fact that every designation of aggravated felon shouldn't have that discretion to stay removed. Now, we aren't fighting that. That's what the statute says. That's what Congress has told us. It's not our position to say that was silly. But when you're saying there's a ridiculous outcome to it, I'm saying looking at the whole situation, maybe it's not so ridiculous. Or less ridiculous. Maybe so. But again, that's looking at the discretionary determination that happens after the aggravated felony. And we can't second guess the discretion of the IJ or the BIA. But certainly they are looking at this person as an individual and judging, considering what they've done in the past, what they're doing in the present. In terms of deciding cancellation of removal discretion? Yes, Your Honor. However, in this context, we're not looking at any conduct. We're simply looking at statutory language. That's what we're looking at. Well, but the IJ looked at conduct and said, I think that this guy, I think that removal should be canceled. After you found him eligible for cancellation of removal, yes. The board then reversed that determination. Which makes me think that your cries of ridiculous outcome is not so ridiculous. But the board did not in any way address the discretionary portion of it. It simply disagreed with the categorical analysis. Right. I'm not talking about what the board did now. I'm talking with your designation of ridiculous, that I don't find it as ridiculous as you find it. Well, respectfully, Your Honor, I disagree with the way you're applying it. Again, I think we have reached a difference of opinion and we will let it lie as it lies. Very good, Your Honor. Have me drop the hook. I know when to stop talking. Okay. All of the conduct here. You persist. All of the conduct in the New Jersey statute here satisfies a federal Controlled Substances Act felony. That felony is Section 841. Because Congress said that's all that's necessary. That it satisfies any Controlled Substances Act felony. The board made the right analysis. It reached the correct conclusion and the court should deny the petition. Thank you. Mr. Drury, thank you very much. Mr. Mark, I think we've just been talking. We've been a little bit more stingy on the clock on the rebuttal than we were initially. I only have a couple points on the rebuttal. It's always, either a couple points or I'll be very brief. It's always the case. An hour later, the person is still talking. Primarily, the government contends that all violations of New Jersey School Zone 35-7 are violations of Federal 841. That premise is wrong. They are not. For the reasons I stated before, that a savvy defense counsel can advise a client, a defendant, to enter a plea to violate the school zone statute in New Jersey without mentioning the substance or the amount of the controlled substance. Such a plea, which is accepted in the court, is not a violation of 841 because it does not specify the necessary elements of the substance and the amount to violate 841 the way that 841 is laid out. So that premise, because it is false, undercuts the entire government argument that all violations of 35-7 are categorically a match to 841. They are not. What about any? I agree with Judge Roth that the word is unclear in the sense that any means you can, well, I agree with the exact analysis that Judge Roth set forth, which is that you can look for any statute within the CSA to find the most similar one to the state violation. But when you find the most similar one, if it doesn't suit your bidding, you can't go looking for another one that does. It's not an open door to find whatever suits the government's target the best. And I think the Supreme Court addressed that same concern in Moncrief and DeKalb, when the court said that just because it's not an aggravated felony, the issue is not over. They're still deportable. They still have drug convictions. There's still going to be an immigration court, and the government's still going to present its case for why they should not be granted any relief from removal. The issue's not over with that analysis. So it's not necessary. The government is still going to be bringing these people with drug convictions into immigration proceedings, and the burden will be on the respondents to establish that they deserve some relief, as opposed to the government's desired outcome, which is that there's absolutely no option for relief, regardless of what you have done since your conviction. Thank you, Mr. Max. Thank you.